John Burton, State Bar No. 86029
Timothy J. Midgley, State Bar No. 123738
THE LAW OFFICES OF JOHN BURTON
65 North Raymond Avenue, Suite 300
Pasadena, California 91103
Telephone:  (626) 449-8300
Facsimile:   (626) 449-4417
Email:  jb@johnburtonlaw.com
        tim@tmidgleylaw.com

Attorneys for Plaintiff

FILED
2010 OCT 14  AM 11: 46
CLERK US DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA RACHEL SAMETH,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES SHERIFF'S DEPARTMENT, DEPUTY SHERIFFS V. BAEZA (#508159), ANDERSON (#43813-), and YBARRA (#403937) and DOES 1 to 10,<br><br>Defendants. | Case No. CV10-6565 VBF (RZx)<br><br>[*Hon. Valerie Baker Fairbank*]<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS UNDER COLOR OF STATE LAW AND SUPPLEMENTAL STATE-LAW TORTS**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.    This case arises under 42 U.S.C. § 1983. Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

2.    Plaintiff's claims arise out of a course of conduct involving officials of the County of Los Angeles, in the County of Los Angeles, State of California, and within this judicial district.

- 1 -

**PARTIES**

3.     Plaintiff Carla Sameth is an adult competent to sue.

4.     Defendant County of Los Angeles is a legal and political entity established under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected Board of Supervisors, and their agents and officers.  Defendant Los Angeles Sheriff's Department (LASD) is a public agency.

5.     Defendants V. Baeza (#508159), Anderson (#43813-), and Ybarra (#403937) are LASD deputies.  (The last digit of the employee number for defendant Anderson is not known to plaintiff who therefore uses the digits know to her with an additional dash in place of the last digit.)  In committing the acts herein alleged, they acted within the scope of their employment and under color of state law.

6.     The true names of defendants Does 1 through 10 are presently unknown to plaintiff, who therefore sues each of these defendants by such fictitious name; but upon ascertaining the true identity of a defendant Doe, plaintiff will amend this Complaint or seek leave to do so by inserting the true name in lieu of the fictitious name.  Plaintiff is informed and believes, and on the basis of such information and belief alleges, that each defendant Doe herein is in some manner responsible for the injuries and damages herein alleged.

**FACTS**

7.     As described in more detail below, on the afternoon of December 28, 2009, at the Highland Park Metro Station platform located at 151 North Avenue 57, Los Angeles California 90042, defendants each violated plaintiff's rights under the Constitution and laws of the United States and the State of California by: detaining plaintiff without reasonable suspicion or probable cause;  subjecting her to an unreasonable, intrusive and painful search of her person; using excessive, unreasonable and unnecessary force on her, including slamming her face into a pillar and breaking her nose; causing her to wait an unreasonable time, in handcuffs, for medical treatment;

1   denying and preventing her from making telephone calls; failing and refusing to provide
2   her with information including the reason for her arrest; failing and refusing to return
3   to her the property which was in her possession at the time of false arrest; and without
4   probable cause, charging her with offenses which she had not committed.

5       8.      On December 28, 2008, plaintiff purchased an all day Metro pass to travel
6   back and forth from Pasadena to downtown Los Angeles on the Los Angeles Metro
7   Gold Line and Red Line.  Around 3:30 p.m., returning to Pasadena, Ms. Sameth
8   transferred from the Red Line to the Gold Line at Union Station.

9       9.      Shortly after the train departed Northbound from Union Station, a Los
10  Angeles County Sheriff's deputy, believed to be one of the named deputy defendants,
11  requested that plaintiff produce her ticket.  Although plaintiff had purchased a day pass
12  at the Gold Line Del Mar Station in Pasadena earlier that day, she could not
13  immediately locate it.  The deputy then asked plaintiff for her driver's license, which
14  she promptly turned over while continuing to search for her day pass. The deputy kept
15  possession of the license.  Plaintiff had purchased the day pass with her ATM card and
16  found the receipt for the transaction, which detailed the date, time, cost and item
17  purchased.  The deputy told her that would not suffice, and ordered her off the train at
18  the Highland Park Avenue Station.

19      10.     After exiting the train to the boarding platform, plaintiff kneeled down and
20  started to go through her briefcase, still looking for the pass.  Three other deputies
21  arrived, one of whom, a female, ordered plaintiff to "get up and put your hands up."
22  The female deputy then subjected plaintiff to an aggressive, intrusive and completely
23  unwarranted search of her person, putting her hands under plaintiff's clothing, feeling
24  all over plaintiff's private areas.  When plaintiff protested this treatment, the deputy
25  pushed her face-first into a pillar, fracturing her nose.

26      11.     The deputies then handcuffed plaintiff and forced her down to the ground.
27  Blood was running out of her nose and down into her throat.

28      12.     Plaintiff remained there for some time, bleeding and in distress and asking

1   for help.  The deputies told her to stay down, be quiet, and wait for the paramedics.

2         13.     Another deputy arrived with a video camera.  That deputy appeared to be

3   acting in some sort of supervisory capacity.  Without giving a *Miranda* admonition, this

4   deputy badgered plaintiff for a recorded statement.  After minimal on-scene treatment

5   by the paramedics, plaintiff was taken by ambulance to County-U.S.C. Medical Center.

6   While she was in the ambulance, plaintiff was told – to her amazement – that she was

7   under arrest for interfering with an officer in the line of duty.

8         14.     At the hospital, plaintiff was taken to a facility for persons in the custody

9   of the Los Angeles County Sheriff.  After a lengthy wait, during which plaintiff's pleas

10  for medical attention were either ignored or demeaned, she was finally seen by a doctor.

11  Upon examining her, the doctor suspected that her nose was fractured and ordered a CT

12  scan.  It was now well after 9 p.m.  The CT scan confirmed the doctor's diagnosis.  He

13  told plaintiff that she could be medically released but would have to see a specialist for

14  the fractured septum, because it was too inflamed for treatment at that time. The doctor

15  indicated that surgery was likely.

16        15.     Throughout this whole  process, plaintiff asked the deputies repeatedly

17  what was going to happen to her.  She had no idea what her fate would be.  The

18  deputies responded to her questions with threats, jeers, sarcasm and misinformation.

19        16.     Although plaintiff was repeatedly told that she would have access to a

20  telephone, she was never allowed to make a phone call.

21        17.     Eventually, plaintiff was released with a citation.  Deputies escorted her

22  out of the facility and abandoned her there.  Having been denied phone access when she

23  was inside, plaintiff was forced to ask passersby to borrow a cell phone to make a call

24  to some to come pick her up because the battery was dead on her phone when it was

25  returned to her.

26        18.     In order to protect her rights plaintiff was compelled to hire an attorney to

27  defend her on the charges in the citation.  On the appearance day on the citation, it was

28  determined that no charges had been filed.

## DAMAGES

19.     As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the defendants, plaintiff was injured in her health and person, and was disfigured. She suffered and will continue to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused plaintiff to sustain damages in a sum to be determined at trial.

20.     As a further direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the defendants, plaintiff suffered past and future losses of income which have caused plaintiff to sustain damages in a sum to be determined at trial.

21.     As a further direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the defendants, plaintiff incurred legal and medical expenses, and will incur future medical expenses, which have caused plaintiff to sustain damages in a sum to be determined at trial.

22.     The individually named and doe defendants, excluding defendants County of Los Angeles and Los Angeles Sheriff's Department, acted under color of law, and both separately and in concert. The aforementioned acts of the defendants, and each of them, was willful, wanton, malicious and oppressive, with reckless disregard or with deliberate indifference and with the intent to deprive plaintiff of her constitutional rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling plaintiff  to exemplary and punitive damages in an amount to be proven at the trial of this matter.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

23.    On June 14, 2010 plaintiff filed a claim with the County for damages based on the events and allegations alleged in this complaint.  On June 21, 2010, plaintiff filed an amended claim and on August 5, 2010, plaintiff filed a second amended claim.  On August 30, 2010, defendant County gave notice that it had denied the claim.

**CLAIMS FOR RELIEF**

FIRST CLAIM FOR RELIEF

DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983

(Fourth Amendment – Individual Liability)

24.    The individual and doe defendants, while acting under color of law, deprived plaintiff of her civil rights by violating her rights under the Fourth Amendment to be free from excessive force, detention and arrest not based on reasonable suspicion or probable cause.

25.    The above acts and omissions, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order.  The above acts and omissions were consciously chosen from among various alternatives.

SECOND CLAIM FOR RELIEF

DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983

(Entity Liability)

26.    Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, defendants County of Los Angeles, and LASD, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of plaintiff, including the right to be free from unreasonable searches and seizures under the Fourth Amendment, the right to

- 6 -

procedural and substantive due process, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs:

> (a)   failing to adequately train, supervise, and control its deputies in uses of force;

> (b)   failing to adequately train, supervise and control its deputies in conducting searches pursuant to detention and/or arrest;

> (c)   failing to adequately train, supervise, and control its deputies in conducting detentions without reasonable suspicion or arrests without probable cause;

> (d)   failing to adequately discipline deputies involved in dishonesty or otherwise abusing their authority; and

> (e)   condoning and encouraging its deputies in the belief that they can violate the rights of persons such as the plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

27.   As a direct and proximate result of the foregoing, plaintiff sustained injury and damage as proved.

THIRD CLAIM FOR RELIEF

(Cal. Civ. Code §§ 52 and 52.1)

28.   Defendants' conduct constituted interference by threats, intimidation, or coercion, or attempted interference, with the exercise of enjoyment by plaintiff of rights secured by the Constitution and laws of the State of California, including interference with plaintiff's rights to be secure in his person and free from the use of excessive force, detention without reasonable suspicion or under Cal. Const. Art. 1 sec. 13 as well as Cal. Civ. Code § 43, and the right of protection from bodily restraint and harm.

29.   The foregoing wrongful acts of defendants caused plaintiff injuries and damages as alleged in this complaint.

1    30.    Plaintiff is entitled to statutory damages of $25,000.00.

2                    FOURTH CLAIM FOR RELIEF

3                       (Assault and Battery)

4    31.    Defendants assaulted and battered the plaintiff.

5    32.    As a direct and proximate cause of the aforementioned acts of defendants,

6    plaintiff was injured as set forth above, and is entitled to compensatory and punitive

7    damages according to proof.

8                     FIFTH CLAIM FOR RELIEF

9                          (Negligence)

10    33.    By virtue of the foregoing, the individual and doe defendants owed

11    plaintiff  a duty of due care, and that duty was breached in that defendants' negligence

12    and failure to exercise due care in dealing with plaintiff proximately causing her

13    injuries.

14    34.    As a direct and proximate cause of the aforementioned acts of defendants,

15    plaintiff was injured as set forth above, and is entitled to compensatory damages

16    according to proof.

17

18

19

20

21

22

23

24

25

26

27

28

**PRAYER**

WHEREFORE, plaintiff requests relief as follows, and according to proof, against each defendant:

1.     General and compensatory damages in an amount according to proof;

2.     Special damages in an amount according to proof;

3.     Exemplary and punitive damages against each individual and doe defendant, not against the County of Los Angeles or the Los Angeles Sheriff's Department, in an amount according to proof;

4.     Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988 and under California Civil Code §52, and 52.1; and,

5.     Such other relief as may be warranted or as is just and proper.

Dated: October 13, 2010          THE LAW OFFICES OF JOHN BURTON


By:_____/s/ Timothy J. Midgley_____
Timothy J. Midgley
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury.

Dated: October 13, 2010          THE LAW OFFICES OF JOHN BURTON


By:_____/s/ Timothy J. Midgley_____
Timothy J. Midgley
Attorneys for Plaintiff