UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARLA RACHEL SAMETH,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES SHERIFF'S DEPARTMENT, SHERIFF LEE BACA, DEPUTY SHERIFFS V. BAEZA (#508159), ANDERSON (#43813-), AND YBARRA (#403937), AND DOES 1 to 10,<br><br>Defendants. | CASE NO. CV10-6565 VBF (RZx)<br><br>Action Filed: September 2, 2010<br>Judge: Hon. Valerie Baker Fairbank<br>Courtroom 9 (Spring Street)<br>Trial Date: None Set<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER REGARDING DISCLOSURE OF MEDICAL AND LAW ENFORCEMENT PERSONNEL RECORDS** |

## ORDER

**WHEREAS:**

Plaintiff proposes to produce to defendants her confidential medical records which are relevant to this action and which she wishes to keep confidential, and the parties envisage that parts of the personnel files of defendants may be produced by defendants and defendants wish to ensure that those records are kept confidential.

-1-

**IT IS ORDERED THAT:**

1. Plaintiff's medical records and records from defendant's personnel files shall be designated confidential records;

2. Counsel for a party shall not convey, transfer, publish, distribute, copy, duplicate, or disseminate confidential records so produced, or information from such records so produced, except as may be reasonably necessary for the prosecution of this litigation by communicating with investigators, consultants and experts retained on behalf of the parties in this matter. Neither the materials produced nor their contents shall be shown to, recited to, provided to or disseminated to, directly or indirectly, any individual party herein.

3. Prior to dissemination of any confidential materials produced pursuant to this order to investigators, consultants or experts retained on behalf of a party, counsel for the party proposing to disseminate the confidential materials shall inform such persons of the terms and conditions of this order and secure such person's agreement, <u>in writing</u>, to be bound by it.

4. Copies of any records produced pursuant to this order may be distinctively marked, provided that such marking does not obscure or obliterate the content of any record and may be stamped with the following language: "CONFIDENTIAL – UNLAWFUL TO DUPLICATE"

5. In the event of dissemination of any confidential materials produced pursuant to this order, copies of said materials must also bear the following language: "CONFIDENTIAL – UNLAWFUL TO DUPLICATE".

6. No other documents produced in this action shall be changed, altered, or defaced by being marked or stamped in any way by the producing party except that a party producing records may Bates stamp those documents.

7. Upon final conclusion of the present litigation, <u>all copies</u> (by whomever made) of materials ordered disclosed pursuant to this order shall be returned to the counsel who produced those documents.

8. This stipulation shall not preclude a party from presenting any and all evidence at trial, subject to all available and legitimate trial objections, and shall not preclude, limit and/or interfere with the party's rights to any and all further discovery.

9. Copies of the records and information contained therein produced pursuant to this order shall not be used for any other purpose than in connection with this litigation.

10. In the event counsel deems it necessary to file copies or portions of copies of any document covered by this Stipulation, that counsel shall first meet and confer with opposing counsel to attempt to narrow the portions of the documents to be filed which must be kept confidential and in the event that there are documents which a party still desires to keep confidential then the party wishing to keep those documents confidential shall, within such time as is reasonable or necessary, provide a motion to seal such document(s). The Court provides the following guidance which must be followed by the party intending to keep a document confidential:

> **Filing Civil Documents Under Seal**: The party seeking to seal documents must file a proper application with the Court, in which the applicant must demonstrate for each document or category of documents sufficient grounds to warrant placing the documents under seal. See L.R. 79-5; Schwarzer, et al., Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, ch. 11(III)-C, §§ 11:1085-1087.7 (The Rutter Group 2006). For requirements regarding sealing dispositive motions, such as motions for summary judgment, see Kamakana v. City & County of Honolulu, 447 F.3d 1172 (9th Cir. 2006) (requiring applicant to show "compelling reasons" to seal the documents). Litigants should also refer to "Preparing Sealed Documents for Filing" located under Filing Procedures on the Court's website for other requirements.

11. In the event anyone shall violate or threaten to violate any terms of this Stipulation, the aggrieved party may immediately apply to obtain injunctive relief and

1 monetary sanctions to this court against any such person violating or threatening to
2 violate any of the terms of this Stipulation.  This court shall retain jurisdiction over
3 the parties and any other persons subject to the terms of this Stipulation for the
4 purpose of enforcing it.
5     12.   The stipulated protective order shall survive the final termination of this
6 action, to the extent that the information or documents disclosed remains confidential
7 and does not become known to the public, and the court shall retain jurisdiction to
8 resolve any dispute concerning the use of the information or documents disclosed
9 herein.
10 IT IS SO ORDERED.

12 DATED:    November 30, 2010        _____
                                      United States Magistrate Judge